OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Spencer.
[Cite as Disciplinary Counsel v. Spencer (1994),      Ohio St.3d      .]
Attorneys at law -- Misconduct -- One-year suspension -- Falsifying documents to support a client's position.
     (No. 94-966 -- Submitted November 16, 1994 -- Decided December 23, 1994.)
     On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-15.
     Relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Scott W. Spencer of Columbus, Attorney Registration No. 0019945, with violating the Code of Professional Responsibility by falsifying documents to support a client's position. Respondent answered, admitting to most of the allegations in the complaint and to violations of DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline ("board") heard the matter on September 21, 1993.
     The parties' stipulations and evidence presented at the hearing established that Spencer's firm, Lewis & Spencer, represented the Grange Mutual Casualty Company. In 1990, Mahmud S. Ittayem, who was insured by Grange, was allegedly injured by a hit-and-run driver. Ittayem presented a claim to Grange, but Grange declined to pay. Ittayem's attorney, Barry Rothchild, made an appointment with Spencer to examine all discoverable written material on which Grange's denial of the claim was based.
     On January 12, 1992, in preparation for Rothchild's appointment, Spencer falsified three documents -- a traffic accident report, a doctor's report, and a complaint from a civil action involving a traffic accident -- by inserting Ittayem's name into all three. Ittayem had denied involvement in any prior traffic accidents; Spencer's alterations made it appear that Ittayem had lied. Spencer placed these falsified

documents in the file for Rothchild to see.

Rothchild came to Spencer's office on January 13 and reviewed the file. Rothchild then investigated the documents dealing with the prior accidents and soon learned that they were forgeries.

Rothchild contacted Dr. William R. Adrion, who was Ittayem's doctor and the author of the medical report altered by Spencer. Adrion contacted Spencer about the medical report on January 16; the next day, Spencer told Rothchild that the medical report had been altered. Spencer did not admit responsibility for the falsification, nor did he inform Rothchild that the file had contained two other altered documents.

On January 17, Spencer also called Henry F. White, Jr., Grange's manager of special investigations. Spencer recommended that Grange pay Ittayem's claim on the basis of "new information." However, he did not tell White about any of the falsified documents until January 25, and then he mentioned only the medical report; White did not learn the full extent of Spencer's falsifications until January 30.

On learning of the alterations, White immediately discharged Lewis & Spencer from all cases in which the firm represented Grange. White also hired other counsel to represent Grange with respect to Grange's possible liability for Spencer's misconduct, resulting in approximately $8,700 of additional legal fees. Spencer's law partner, James Lewis, reimbursed Grange for $5,000 of those fees.

Because Spencer's misconduct weakened Grange's case, Grange had to settle Ittayem's claim for $15,000. White testified that, but for Spencer's misconduct, Grange would have continued to deny Ittayem's claim, defending the denial in court if necessary.

Spencer's law partner, James Lewis, was unaware of the falsifications. Nonetheless, Lewis paid Ittayem $85,000 to settle a threatened lawsuit against Lewis & Spencer, incurring a $3,000 legal fee in the process. Subsequently, Lewis and Spencer dissolved their partnership. Lewis testified that he recovered between $18,000 and $20,000 in the dissolution. Lewis also asked Spencer to help reimburse Grange's legal fees, but Spencer refused, citing the dissolution agreement's indemnification clause.

In mitigation, Spencer claimed extraordinary stress. His wife's family had been living with him for about five months, refusing to work, at the time he altered the documents. His father-in-law's domineering ways caused discord between Spencer and his wife. Spencer's law practice was another source of stress: he was working long hours and having disagreements with Lewis. Spencer testified that he is "an honest person," attributed his dishonest conduct to stress, and testified about steps he has taken to cut back on stress. He requested a public reprimand. Relator recommended a two-year suspension.

The panel found that Spencer had violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6). The panel recommended a one-year suspension from the practice of law. The board adopted the panel's findings of fact, conclusions of

law, and its recommendation.

Geoffrey Stern, Disciplinary Counsel, and Harald F. Craig III, Assisant Disciplinary Counsel, for relator.
Charles W. Kettlewell, for respondent.

Per Curiam. We adopt the findings, conclusions, and recommendation of the board. Respondent. Scott W. Spencer, is suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Young and Pfeifer, JJ., concur.

Resnick and F.E. Sweeney, JJ., dissent and would suspend respondent for two years.

William W. Young, J., of the Twelfth Appellate District, sitting for Wright, J.